### INGRAM AND WIFE v. ATKINSON AND WIFE.

Where the court instructed the jury "that the owner of a slave is not responsible in damages for the trespasses of his slave, unless where the slave is engaged in employment requiring care, skill, or prudence, and the wrong done results from his servant's negligence, unskillfulness, or imprudence in such employment, or unless the master be cognizant of the act or implicated in the trespass or wrongful act:" *Held*, That the instruction was substantially correct.

Appeal from Victoria. This suit was brought by the appellants against the appellees to recover the value of a slave alleged to have been drowned by reason of the tortious and wrongful acts of the slaves of the appellees. There was a demurrer to the petition, which was overruled. There was a plea of "not guilty," upon which the cause was tried. The proof corresponded with the averments in the petition.

The court instructed the jury "that the owner of a slave in Texas is not responsible in damages for the trespasses of his slave, unless where the slave is engaged in employment [**271**] requiring care, skill, or prudence, and the

Ingram v. Atkinson.

wrong done results from his servant's negligence, unskillfulness, or imprudence in such employment, or unless the master be cognizant of the act or implicated in the trespass or wrongful act."

The jury returned a verdict for the defendants, upon which the court gave judgment, and the plaintiffs appealed.

*Neill*, for appellants. The few statutory regulations of this State require that we should refer to such cases as have been adjudicated by the courts of common law. The very strict police regulations of the Louisiana courts, under a practice grown up almost peculiar to that State, do not apply here, as we conceive; but the case at bar would there be sustained, as the owner would be accountable for all the acts committed off of the plantation, or while the slave was allowed to be out of the immediate charge of the overseer. And therefore the neglect in allowing the slave that liberty would charge the owner with liability for all acts committed, at least to the extent of the value of such slave. It would certainly be the rule here, if applied to a trespass committed by a slave against the personal property of another; and yet it might be a dangerous doctrine to apply to all unauthorized acts, to hold the master accountable in damages. Yet we consider there is a great difference between the lawless and willful acts for which the slave would be held accountable to answer on the criminal side and an act consequent upon his mischief or frivolity.

The facts in this case show that the slave of plaintiff was enticed away from his home and his duty, and afterwards taken into the river, by the force and aid of other negroes, (also charged in another suit,) and plunged and abandoned, so that he drowned. This was a case wherein a mischievous intent was manifested out of the sphere or knowledge of the master; but that very fact goes far to show such carelessness on the part of the master as to make him accountable.

[**272**] By reference to the decisions in South Carolina, where the common law prevails, we find the review presented in the case of O'Connell *v.* Strong (Dud. R., 265) and the cases there laid down and referred to, as full as any reported, and we refer to them.

*Cunningham*, for appellees. By reference to the facts of the cause as contained in the statement of facts, it will be seen that the instructions of the judge are singularly correct, and are sustained by all of the cases which have been decided in the United States in which the liability of the master for the acts of the slave has been considered by the judicial tribunals. (3 McC. R., 400; 2 Bay R., 385; 2 Humph. R., 140; 2 Port. R., 276; 7 Yerg., 367.)

WHEELER, J. The questions presented by the record in this case were considered in the case of the same plaintiffs against Linn, administrator, and upon a petition presenting the same facts.

The plaintiff has not shown, by averment or proof, a cause of action. The instruction given by the court to the jury was substantially correct. And although the court erred in overruling the demurrer, yet, as the final result is in accordance with what the judgment upon the demurrer should have been— that is, a judgment for the defendant—the judgment must be affirmed. See Ingram *et al. v.* Linn, Adm'r, and authorities cited.

Judgment affirmed.